IT IS ORDERED

Date Entered on Docket: January 3, 2019

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

## UNITED STATES BANKRUPCTY COURT
## DISTRICT OF NEW MEXICO

IN RE:

Tiffany Roquemore,

      Debtor.                        Case No. 18-12591-tf7

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT
### 3507 Sierra Vista Dr, Farmington, NM 87402

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on November 20, 2018, Docket No. 15 (the "Motion"), by Freedom Mortgage Corporation ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On November 20, 2018, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Tiffany Roquemore, and the case trustee, Edward Alexander Mazel, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P.

File No. NM-18-150230
Order, Case No. 18-12591-tf7

Case 18-12591-t7    Doc 18    Filed 01/03/19    Entered 01/03/19 16:23:46 Page 1 of 4

5(b)(3) and NM LBR 9036-1, and on the Debtor and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

    (b)    The Motion relates to the following property legally described as:

Lot 12, in Block 6, of the HIGHLAND VIEW SUBDIVISION, in the City of Farmington, San Juan County, New Mexico, as shown on the Amended Plat of said Subdivision filed for record May 29, 1958 and refilled for record on July 25, 1958

and commonly known as: 3507 Sierra Vista Dr, Farmington, NM 87402;

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on December 14, 2018;

    (f)    As of December 24, 2018, no objections to the Motion have been filed;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on December 24, 2018, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

    (a)    To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted

by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment if Debtor is granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law. Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtor personally, to collect amounts due, if Debtor's discharge is denied or if Debtor's bankruptcy is dismissed.

4. This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Eric Sutton**
**McCarthy & Holthus, LLP**
**Daniel Grunow**
**Eric Sutton**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 12/24/2018**
**dgrunow@mccarthyholthus.com**


COPIES TO:

**DEBTOR**
Tiffany Roquemore
917 W Apache Unit C
Farmington, NM 87401

**DEBTOR'S COUNSEL**
Nicholas Cullander
cullanderlaw@hotmail.com

**CASE TRUSTEE**
Edward Alexander Mazel
edmazeltrustee@askewmazelfirm.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE**
Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118